**UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MICHAEL D. WEST | ) | |
| | ) | CASE NO. 05-11461 |
| Debtor(s) | ) | |
| | ) | |
| WILLIAM DAVID BELVEAL | ) | |
| | ) | AP NO. 06-1022 |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL D. WEST, et al. | ) | |
| | ) | |
| Defendant(s) | ) | |

**MEMORANDUM-OPINION**

This matter is before the Court on the Motion for Summary Judgment as to Issues Related to Trust and Michael West's Interest in Real Estate ("Motion for Summary Judgment") of Plaintiff William David Belveal ("Belveal") against Defendant Michael D. West ("Debtor"), Billy West ("Billy West") as Trustee for the West Brothers Revocable Intervivos Trust ("the Trust"), Brandon West ("Brandon West") and Mid-State Lenders, Inc. The Court considered the Memorandum of Law in Support of the Motion for Summary Judgment of Belveal, the Response to the Motion for Summary Judgment of Defendant Billy West and the comments of counsel for the parties at the hearing held on the matter. For the following reasons, the Court will **GRANT** Belveal's Motion for Summary Judgment.

**UNDISPUTED MATERIAL FACTS**

This Memorandum-Opinion incorporates herein the Findings of Fact and Conclusions of Law set forth in the Court's Judgment in this action dated December 21, 2007 ("the Judgment"), as if set forth verbatim herein.  See, Dkt. Entry #44.  The Judgment determined that Debtor owed Belveal $545,040 and that the debt was nondischargeable pursuant to 11 U.S.C. §523.  Debtor was denied a discharge pursuant to 11 U.S.C. §727.

Debtor filed a Motion to Reconsider the Judgment which was denied by the Court on January 16, 2008.  Debtor did not appeal the Judgment.  Following denial of Debtor's Motion to Reconsider, Belveal moved to reopen this case to file an Amended Complaint and a Motion for Execution and Order of Sale seeking to sell Debtor's interest in the Trust property to satisfy the Judgment.  A Second Amended Complaint was filed on December 16, 2008.

On January 15, 2008, Debtor resigned as Trustee of the Trust and his brother, Defendant Billy West, accepted the position as the Successor Trustee.

On June 12, 2009, Belveal filed the Motion for Summary Judgment based upon the doctrines of collateral estoppel and *res judicata* as to the Findings of Fact and Conclusions of Law set forth in the December 21, 2007 Judgment.

On June 24, 2009, Defendant Billy West filed his Response to Belveal's Motion for Summary Judgment.  Defendant West contends this Court does not have jurisdiction to order a judicial sale of the real estate Belveal claims a lien upon and that the doctrine of *res judicata* bars Belveal's claims asserted in the Second Amended Complaint.

## **CONCLUSIONS OF LAW**

**A. Summary Judgment Standard.**

The standard for summary judgment is set forth in Federal Rule of Civil Procedure 56, made applicable through Federal Rule of Bankruptcy Procedure 7056, which provides:

> The judgment sought should be rendered if the pleadings, the discovery, and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The nonmoving party must then demonstrate that a genuine issue of material fact exists. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In the case at bar, there are no genuine issues of material fact and Belveal is entitled to Judgment as a matter of law.

**B. Jurisdiction.**

The December 21, 2007, Judgment entered against Debtor determined that Debtor used the Trust corpus as collateral to obtain loans on behalf of himself and his brother. The Trust was initially established as a revocable trust with Debtor having full access to any Trust income and principal. Debtor placed the Deed to the family residence in the Trust. Debtor used the Trust property as if it were his own. The facts upon which the Judgment was based were fully tried before this Court. Debtor did not appeal that decision and the Judgment is final.

The Court will first address Defendants' claim that this Court does not have jurisdiction to issue a Judgment on the Second Amended Complaint enforcing its prior Judgment. 28 U.S.C. §157 grants this Court subject matter jurisdiction over "any or all proceedings arising under title 11 or arising in or related to a case under title 11 . . ." 28 U.S.C. §157(a). Core proceedings include all

matters concerning the administration of the estate. 28 U.S.C. §157(b)(2)(A). A bankruptcy court has jurisdiction over a claim that is "related to" the bankruptcy proceeding if it could have any conceivable effect on the administration of the bankruptcy estate. Sanders Confectionery Products, Inc.v. Heller Fin., Inc., 973 F.2d 474, 482 (6th Cir. 1992). Despite Defendants' claim to the contrary, this is a core matter because it concerns the administration of estate property.

The Court's Judgment was entered after an extensive trial in which over 100 exhibits were introduced through detailed testimony. A review of the Judgment and the pattern of conduct by the Defendants, both pre- and post Judgment, evidences a scheme to defraud the Debtor's creditors. Debtor initially set up the Trust as a revocable trust. This allowed the Debtor to access the Trust property and to disregard the Trust form for his own personal gain. After Debtor filed his Petition, he changed the nature of the Trust from a revocable trust to an irrevocable trust, all in an effort to keep the Trust property beyond the reach of his creditors. In the Judgment, this Court determined that the Trust was a sham to shield assets from creditors and that Debtor used the Trust property as his own. For these reasons, he was denied a discharge. Approximately two weeks after entry of the Judgment, Debtor resigned as the Trustee and Defendant Billy West became the Trustee. The transfer of real estate to the Trust by Debtor had no effect and remained property of the estate pursuant to 11 U.S.C. §541. See, Prestige Vacations, Inc. v. Kozak, 471 F. Supp. 410 (N.D. Ohio 1979) (where a settlor retains full control over a trust, including the power to revoke it completely, creditors have the right to reach the funds in the trust). Thus, on the date of the Petition the trust *Res* was property of the estate and no actions by the Debtor without Court authority could divest the estate of that interest. See, 11 U.S.C. §549.

Defendants contend there is no "related to" jurisdiction in this case because Belveal's Second Amended Complaint will not provide recovery for the estate, the Trustee or any other creditor. This theory fails because "related to" jurisdiction is not limited to recovery of an asset for the estate or all creditors. In this instance, related to jurisdiction emanates from exercise over what this Court previously determined were estate assets. This clearly falls within the realm of estate administration.

Further, Defendants claim they are entitled to summary judgment because Belveal did not assert a claim under 11 U.S.C. §548 for fraudulent conveyance in the initial adversary procedure. Defendants claim any such action is now barred by the doctrine of claim preclusion. Belveal, however, did not need to assert such a claim. It was not necessary for the Court to make such a determination, as the Trust property remained property of the estate.

**C.  *Res Judicata*.**

Under the interrelated doctrines of *res judicata* and collateral estoppel, a final judgment on the merits of an action precludes the parties and those in privity with them from re-litigating issues that were or could have been raised in an action. Allen v. McCurry, 449 U.S. 90, 94 (1980); Kane v. Magna Mixer Co., 71 F.3d 555 (6th Cir. 1995). Belveal's current action meets each of these requirements.

The December 21, 2007 Judgment is between the same parties or those in privity with those parties. Once Billy West became the Successor Trustee on the Trust following entry of the Judgment, he became one in privity with the Debtor. "Privity" extends the conclusive effect of a judgment to non-parties who are in privity with parties in an earlier action. It is a legal conclusion designating a person so identified in interest with a party to a former litigation that he represents precisely the same right with respect to the subject matter involved. In re Schimmels, 127 F.3d 875

(9th Cir. 1997). A nonparty who has succeeded to a party's interest in property is bound by any prior judgment against the party. Id., citing, Southwest Airlines Co. v. Texas Int'l Airlines, Inc., 546 F.2d 84, 95 (5th Cir. 1977). Billy West, as successor Trustee, clearly meets the definition of someone in privity with the Debtor.

*Res judicata* also requires an identity of claims. Despite the Defendants' claim to the Trust property, this Court already determined in the Judgment that Debtor used the Trust property of his own. There is no reason that the Trust property should not be subject to Belveal's lien and subject to judicial sale to satisfy the Judgment. The facts giving rise to Belveal's claims in this action are the same as those determined in the prior action. They are identical and all elements of *res judicata* have been met.

The findings under the December 21, 2007 Judgment are *res judicata* and do not need to be re-litigated in this proceeding. The findings of that Judgment are undisputed and clearly entitle Belveal to summary judgment as a matter of law on the claims of the Second Amended Complaint related to Debtor's interest in the real estate.

## CONCLUSION

For all of the above reasons, the Motion for Summary Judgment of Plaintiff William David Belveal is **GRANTED**.

									_____
									Joan A. Lloyd
									United States Bankruptcy Judge
									Dated: August 24, 2009

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MICHAEL D. WEST | ) | |
| | ) | CASE NO. 05-11461 |
| Debtor(s) | ) | |
| | ) | |
| WILLIAM DAVID BELVEAL | ) | |
| | ) | AP NO. 06-1022 |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL D. WEST, et al. | ) | |
| | ) | |
| Defendant(s) | ) | |

## JUDGMENT

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Summary Judgment in favor of the Plaintiff William David Belveal against Defendants Michael West, Beverly West as Trustee for the West Brothers Revocable Intervivos Trust, Brandon West and Mid-State Lenders, Inc. on the claims of the Second Amended Complaint as the issues related to the Trust and Michael West's interest in the real estate, be and hereby is, **GRANTED**.

This is a final and appealable Order, there is no just reason for delay.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: August 24, 2009